The undersigned respectfully dissents in part from the Opinion and Award of the majority awarding compensation to plaintiff for his alleged right knee meniscus tear. The greater weight of the competent medical evidence shows that plaintiff's right knee meniscal tear is not related to plaintiff's July 26, 2004 injury.
Any claim for future medical treatment must demonstrate that the medical treatment sought is directly related to the original compensable injury. Pittman v. Thomas Howard, 122 N.C. App. 124, 130,468 S.E.2d 283, 286, disc, review denied, 343 N.C. 513, 471 S.E.2d 18
(1996). On July 26, 2004, the date of plaintiff's compensable injury, x-rays of plaintiff's knees were negative. Plaintiff was diagnosed with soft tissue abrasions over both knees, left arm abrasions, and contusions to multiple sites. Plaintiff presented to the emergency room again on August 23, 2004 where he was diagnosed with a foot sprain and a knee/leg sprain. He was written out of work for two days only.
Plaintiff returned to work for defendant within three weeks after the accident. Although plaintiff claimed he could not do the job, plaintiff did not seek additional medical treatment until he presented to Dr. Wood on January 16, 2006, a year and a half after plaintiff's July 2004 injury. Plaintiff admitted that he was never advised by any physician that he could not work or that he had permanent work restrictions. Since plaintiff's 2004 injury, plaintiff has continued to be employed as a concrete worker with seven different companies. *Page 14 
Prior to the January 16, 2006 visit, Dr. Wood had never examined plaintiff. Dr. Wood ordered an MRI from which he diagnosed plaintiff with a medial meniscus tear to his right knee, not a knee sprain as plaintiff had been diagnosed with in 2004 following his 2004 compensable work injury. Dr. Wood testified that there was no way for him to know for sure, based upon the MRI findings, when plaintiff's right knee meniscal tear began. The only information that Dr. Wood could use to form an opinion was that information provided to him by plaintiff at plaintiff's initial January 16, 2006 visit when plaintiff indicated that he had retained legal counsel. In addition Dr. Wood did not review plaintiff's prior medical records. Dr. Wood has not treated plaintiff since February of 2006, and the record is absent of any additional medical treatment to plaintiff's right knee from August 2004 through January 2006 and at any time subsequent to February 2006. Therefore, based upon the greater weight of the evidence, there is insufficient competent medical evidence to show that plaintiff's medical treatment sought with Dr. Wood as it relates to his right knee is causally related to plaintiff's employment with defendant.
For the foregoing reasons the undersigned respectfully dissents from the majority.
This the 15th day of February, 2008
S/______________________ BUCK LATTIMORE COMMISSIONER *Page 1